## JAMES MIX

### v.

## DAVID OSBY.

1. EVIDENCE—*agent's statements.* The statements of an agent made at the time of hiring a party to labor for his principal in reference to his employment, is not hearsay, but pertinent and legitimate evidence against the principal in a suit against him by the laborer to recover wages.

2. SAME—*order of proofs.* Under our practice a party has the right to introduce his evidence in the order he may prefer, provided he will connect it, and thus render it material to the issue. Thus, he may first show the acts and statements of one claiming to be an agent, to bind the principal, if he will follow it with proof of the agency, and show that the agent's acts were within the scope of his authority.

3. INSTRUCTION—*in relation to single facts.* The practice of selecting an isolated portion of the evidence and basing an instruction on it, should not be encouraged. But this court will not reverse for that reason alone, unless it can see that it probably misled the jury.

4. AGENCY—*proof of agent's authority.* Where the plaintiff was employed to labor for the defendant by one claiming to act as defendant's agent, the fact that defendant, when called on for pay, was informed by the plaintiff that the agent claimed to be such, and failed to deny the agency, or the agent's authority to employ plaintiff, is competent evidence in a suit by the plaintiff against the defendant.

APPEAL from the Circuit Court of Kankakee County ; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. THOS. P. BONFIELD, for the appellant.

Mr. C. R. STARR, for the appellee.

M. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee in the Kankakee circuit court against appellant, to recover for work and labor. The declaration contained the usual common counts, to which was filed the plea of the general issue. A trial was had by the court and jury, when a verdict was ren-

13—62D ILL.

dered for plaintiff for $270. A motion for a new trial was overruled by the court, and judgment entered on the verdict; and defendant brings the case to this court on appeal.

The first objection urged for a reversal is, that the court erred in permitting what Stabler said to appellee, when he was employed, to go to the jury, before Stabler's agency was proved. Under the practice, a party has the right to introduce his evidence in the order he may prefer, provided he shall connect it, and thus render it material to the issue. This was not hearsay evidence, but it was the declarations of a person who claimed to be the agent of appellant. If he was his agent, then what he said whilst hiring appellee in reference to his employment was pertinent and legitimate evidence. Having proved what Stabler did and said, claiming to be such agent, it then devolved upon appellee to prove the existence of an agency, and that the employment was within its scope. On that question there was a contrariety in the evidence, and it was fairly left to the jury, and they have found there was an agency. When the contract and the evidence of appellee and Griffin are considered, we are not prepared to hold that it does not overcome the testimony of appellant. It was a question of evidence, the determination of which belonged to the jury; and their finding will not be disturbed, as it is not manifestly against the testimony.

Whilst we have frequently said that the practice of selecting an isolated portion of the evidence, and basing an instruction on it should not be encouraged, we have not said that we will reverse for that reason, unless we can see that it probably misled the jury. The instruction based upon appellant's failure to deny that Stabler had authority to employ appellee, when he asked for his pay, and informed appellant that Stabler claimed to be his agent when the employment took place, is objected to by appellant. This was, undoubtedly, evidence tending to prove the issue; we do not see that the instruction could have misled the jury, as it only informed them that they might consider it in reference to whether appellant knew of the contract made by Stabler with appellee.

When considered altogether, we think the evidence sustains the verdict. It is not manifestly against its weight. It was satisfactory to the circuit judge, who overruled the motion for a new trial, and it will not be disturbed. The judgment of the court below is affirmed.

*Judgment affirmed.*